IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FLORA LUNSFORD                                                                                            PLAINTIFF

v.                                             5:08CV00285 JMM/BD

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,                                                                       DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I.   PROCEDURE FOR FILING OBJECTIONS:

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

II.   RECOMMENDATION:

Plaintiff, Flora Lunsford, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income (SSI), based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004)("Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the decision").

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by pain in her legs and hips. (Tr. 277) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social

---

[1] The Honorable John Heck Goree.

Security Act at any time through March 15, 2008, the date of his decision. (Tr. 24) On August 21, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 5-7) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 47 years old at the time of the hearing. (Tr. 267) She testified she was a high school graduate.[2] (Tr. 269) She had past relevant work as a server, fast food worker, cook and licensed practical nurse. (Tr. 23, 96-99, 269-73, 292)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled an impairment listed in the Listing of Impairments in Appendix 1, Subpart P, 20 C.F.R. Part 404; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from doing past relevant work. If the claimant has sufficient residual functional capacity to perform past relevant work, the inquiry ends and benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the ALJ proceeds to Step 5, which requires a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. *Id.*

---

[2] She told a social worker that she dropped out of high school three months before graduation, that she later obtained her General Educational Development certificate and had one year of nursing school. (Tr. 205)

The ALJ noted that Plaintiff's date last insured[3] was March 31, 2006. (Tr. 15, 17, 60) He found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.[4] (Tr. 17) He found that Plaintiff had "severe" impairments, arthritis within the hips and substance addiction, but that she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 17-18) He judged that Plaintiff's allegations regarding her limitations were not totally credible. (Tr. 21-22)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of sedentary work. (Tr. 19) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, table worker and order clerk. (Tr. 24) Thus, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff argues that the ALJ did not follow rules and case law properly in making his credibility determination. (Br. 15-19) The ALJ evaluated Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[5] (Tr. 21-22)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to

---

[3] In order to receive Disability Insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990). There is no similar requirement for SSI. However, SSI benefits are not payable for a period prior to the application. 20 C.F.R. § 416.335 (2007); *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[4] Plaintiff had originally alleged an onset date of November 1, 2003. (Tr. 55) At the hearing, she amended that date to September 1, 2005. (Tr. 267)

[5] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529(c) and 416.929(c). (Tr. 21) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

4

> subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>   1. the claimant's daily activities;
>
>   2. the duration, frequency and intensity of the pain;
>
>   3. precipitating and aggravating factors;
>
>   4. dosage, effectiveness and side effects of medication;
>
>   5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the lack of more treatment, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)(ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff testified that she used a cane all the time. (Tr. 282) A social history assessment in October of 2005 indicated, "She has good posture and is able to ambulate without assistance." (Tr. 203) She testified that, on a good day, she "maybe" could walk half a block. (Tr. 282) The social history assessment indicated that she enjoyed fishing and walking. (Tr. 205) She admitted "more or less" to selling and dealing in cocaine. (Tr. 276) She testified that she lived with her boyfriend, who was disabled. (Tr. 268) She indicated on a report that she took care of him. (Tr. 88) She fed, walked and bathed her dog. (Tr. 89, 118) She prepared one meal a day, taking one and one-half to two hours to do so. (Tr. 90) She could drive, but was not doing so. (Tr. 91) She shopped, paid bills and counted change. *Id*. She read, watched television, played cards and occasionally attended cookouts. (Tr. 92) She testified she did not have a driver's license. (Tr. 162) She told an examiner in December, 2005, that she did. (Tr. 162) She told that same examiner that she liked to sew, went outside with her dog and talked to a neighbor. (Tr. 165) She could see to her own hygiene and health care, did all of her own cooking, housekeeping, shopping and laundry. (Tr. 166)

Plaintiff engaged in extensive daily activities, which are inconsistent with the level of pain and limitation alleged. See *Roberson v. Astrue*, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven year old daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped,

cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); *Gray v. Apfel*, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed various other activities); *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); *Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, sometimes needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); *Woolf*, 3 F.3d at 1213 (plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

Plaintiff, who bore the burden of proof,[6] was equivocal about whether she could perform some work:

> Q: Since you've made some smarter decisions and you've cleaned up your life as to drug and alcohol abuse, what would keep you from working a job in which you had some freedom in the ability to sit and stand, and a job not so much to your mental ability, but a job that's unskilled that a person could do with say a tenth grade or an eighth grade education in which you just sit and

---

[6] Plaintiff bears the burden of proving disability. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). Although the ultimate burden of persuasion does not shift, the burden of production shifts to the Commissioner if Plaintiff is unable to perform her past relevant work. *Id.*; accord, *Charles v. Barnhart*, 375 F.3d 777, 782 n.5 (8th Cir. 2004); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000).

stand and you barely -- you meet and greet individuals in casual low stress type of work?

    A:  You mean am I capable of standing like that for long periods of time?

    Q:  Yeah, where you -- no, not long periods of time.  Sitting or standing at your leisure usually at these jobs, and you're either dealing with the customers on a casual basis, you give them very light instructions on where to go or what to do, nothing complex.  These jobs an eighth grader could perform, or a seventh grader could perform, and you're sitting or standing as you perform the work at your leisure.  Or you're putting together parts that are very simple that a sixth, seventh, eighth grader can put together and working somewhat at your leisure.

    A:  I don't know.

(Tr. 278-79)

    ALJ:  All right. Ms. Lunsford, are you aware of the hypotheticals I presented to the VE as to the nature of the limitations that I believe you may have?  Do you understand that?

    CLMT:  Yes, sir.

    ALJ:  Okay.  In hypothetical one and two, considering your testimony and the problems you're having I may have to find that there are jobs you can perform, with the ability to sit and stand with just a fourth to sixth grade education.  I mean, you're a very bright individual.  You were a licensed nurse at one time.  You were a supervisor of over 15 individuals.  You do have pain.  I acknowledge that pain.  You do have certain limitations, but these jobs when you're under the age of 50, the law requires that as a Judge I consider these jobs if you can perform them.  Do you honestly believe you can't do those jobs mentioned by the vocational expert?

    CLMT:  I don't know.

(Tr. 300)

The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid[7] reasons for discrediting Plaintiff's subjective complaints.  *E.g.*, *Shelton*

---

[7] One invalid reason the ALJ gave for discrediting Plaintiff's subjective complaints was the fact that pharmacy records indicated that she had not refilled any prescriptions since August 15, 2007.  (Tr. 22)  However, the administrative hearing was held August 22, 2007.  (Tr. 262)  Obviously, not obtaining refills for one week is not a valid reason to discount

*v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Plaintiff also argues that the ALJ's hypothetical question for the vocational expert was incomplete because it failed to incorporate any functional restrictions caused by her obesity. (Br. 19-21) First, Plaintiff never raised any allegation of limitation of function as a result of obesity in her application for benefits or during the administrative hearing;[8] accordingly, this claim was waived from being raised on appeal. *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003).

Second, and more important, there is no evidence in the record that Plaintiff's obesity imposed any limitations on her ability to work. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995); see *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).

Third, Plaintiff's attorney had the opportunity to request that the ALJ restate the hypothetical question. He cross-examined the vocational expert, but did not add any effects of obesity to the hypothetical question. Such a failure to raise the argument at the

---

her credibility. It was only one of several reasons that he gave for discounting her subjective complaints, however. See *Cox v. Barnhart*, 471 F.3d 902, 908 (8th Cir. 2006) (even if ALJ overestimated plaintiff's capabilities, that would not have shown that his overall credibility decision was flawed because this was only one of several inconsistencies that he identified).

[8] In response to questioning, Plaintiff testified that she was 5 feet 4 inches tall and weighed "about" 186 pounds. (Tr. 268) She also testified that she was "overweight" and had used cocaine to try to lose weight. (Tr. 274-75) There was no other mention of obesity during the hearing. (Tr. 264-304)

administrative level ordinarily prevents a party from raising it in judicial proceedings. *Weikert v. Sullivan*, 977 F.2d 1249, 1254 (8th Cir. 1992); accord, *Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter*, 372 F.3d at 950. The Commissioner's decision is not based on legal error.

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 20th day of October, 2009.

UNITED STATES MAGISTRATE JUDGE